**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-11454
Summary Calendar
_____

MARIA BENTON,

Plaintiff-Appellant,

versus

HOT SHOT EXPRESS, INC., ETC; ET AL,

Defendants

HOT SHOT EXPRESS, INC., A Company of the Jones Motor Corporation

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas, Dallas
(No. 99-CV-1015-H)
_____

July 24, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM[*]:

Maria Benton ("Benton") appeals from the district court's order granting summary judgment in favor of Hot Shot Express, Inc. ("Hot Shot"). Because the summary judgment was not a final decision under Title 28 U.S.C. §1291, we dismiss the appeal for lack of jurisdiction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts and Proceedings

Benton sued Hot Shot, Russ Benet, Lona Benet, and R.E.B. Express, Inc. ("R.E.B.") asserting claims of breach of contract, fraud, and violation of the Texas Deceptive Trade Practice Act. After reading an advertisement published by R.E.B./Hot Shot in a national trucking magazine, Benton purchased a truck and trailer and entered into a hauling contract. Benton purchased the truck and trailer before seeing them but was assured they met all safety requirements and were ready for use. The truck and trailer were not, however, in an acceptable condition when Benton arrived to retrieve them.

Benton apparently had conversations with representatives of Hot Shot and R.E.B. and was under the impression that R.E.B. was an agent for Hot Shot. As a result, Benton initially filed suit against Hot Shot and Russ Benet, and Hot Shot filed a third party complaint against R.E.B. Hot Shot denied giving any agency authority to R.E.B. or Benet, but Benton contended that Hot Shot was vicariously liable for any actions taken by R.E.B. or Benet. Hot Shot filed a motion for summary judgment which was granted by the district court on October 10, 2001, so Benton appealed.

## II. Analysis

We must first determine whether we have jurisdiction to consider the merits of this appeal. Under Title 28 U.S.C. §1291, we have authority to entertain "appeals from all final decisions of the district courts of the United States." While the district

2

court granted Hot Shot's motion for summary judgment, it did not dispose of the claims against Russ and Lona Benet or R.E.B. Under Fed.R.Civ.P. 54(b),

> When more than one claim for relief is presented in an action,...or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Jurisdiction over this appeal is appropriate only if the district court certified the appeal under Rule 54(b) as all claims have yet to be adjudicated. The district court may direct the entry of a final judgment to fewer than all parties to an action only if (1) it makes an express determination that there is no just reason for delay and (2) an express direction for the entry of judgment is made. *See* Fed.R.Civ.P. 54(b), *supra*. Benton is under the mistaken impression that the clerk of court's entry of the district court's Memorandum Opinion and Order is an entry of judgment. It is not. Because the summary judgment order did not dispose of the claims against all defendants and was not certified under Rule 54(b), Benton's appeal is premature. Accordingly, this appeal is dismissed for lack of jurisdiction.

3